UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROYAL C. CLEVENGER and<br>BARBARA A. CLEVENGER,<br><br>    Plaintiffs,<br>vs.<br><br>OCWEN LOAN SERVICING, LLC;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.;<br>and DEUTCHE BANK NATIONAL<br>TRUST COMPANY AS TRUSTEE<br>FOR POPULAR ABS INC. SERIES<br>2007-A,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO.<br>§ 1:15-CV-2531-MHC<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

<u>**REPLY IN SUPPORT OF MOTION TO DISMISS
BY DEFENDANTS OCWEN LOAN SERVICING, LLC, DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE BENEFIT OF
THE CERTIFICATEHOLDERS OF POPULAR ABS, INC. MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-A, AND MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.**</u>

Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Deutsche Bank National Trust Company, as Trustee for the Benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates, Series 2007-A ("Trustee"), and Mortgage Electronic Registration Systems, Inc. ("MERS," and together with Ocwen and Trustee, the "Defendants") hereby file their Reply in

Support of their Motion to Dismiss the Complaint filed by Plaintiffs Royal and Barbara Clevenger (the "Plaintiffs"), and respectfully show the Court as follows:

## INTRODUCTION

In their tardy Response (Dkt. 14), *pro se* Plaintiffs do not dispute that they have gone six years without making any payments on their $855,000 residential Loan.[1]  (Dkt. 10-1, p. 2.)  Nor do they deny that they have managed to avoid foreclosure of the Subject Property by filing a succession of frivolous bankruptcy cases over the years.  (Dkt. 10-1, pp. 3-4.)  Rather, Plaintiffs vaguely argue that they were fraudulently induced into the Loan transaction in the first place, and have suffered unspecified damages and harm as a result.  (Dkt. 14, pp. 2-3.) Plaintiffs do not disagree that Equity One, and not Defendants, originated their Loan (Dkt. 10-1, p. 3), but it appears they still maintain that Defendants should be held liable for Equity One's purported failure to comply with TILA, as well as any representations that Equity One supposedly made to them when it originated the Loan nine years ago.  (Dkt. 14, pp. 2-3.)  In simply reiterating the allegations of their Complaint, Plaintiffs completely ignore Defendants' arguments that such

---

[1] Capitalized terms not defined herein take the definition ascribed to them in Defendants' Memorandum of Law in Support of their Motion to Dismiss.  (Dkt. 10-1.)

2

claims are time barred and that they have sued the wrong parties. (Dkt., 10-1, pp. 9-10, 19-21.) These failures, however, are fatal to their claims.

In short, Plaintiffs' Response fails to substantively address the arguments raised in Defendants' Motion to Dismiss or cure any of Plaintiffs' fatal pleading defects. In fact, Plaintiffs effectively abandon the majority of their claims by failing to even mention them in their Response.[2] Therefore, for the reasons set forth herein and in Defendants' Motion to Dismiss (Dkt. 10), this action must be dismissed with prejudice in its entirety.

## ARGUMENT AND CITATION TO AUTHORITY

**I.     PLAINTIFFS' RESPONSE IS UNTIMELY AND SHOULD NOT BE CONSIDERED.**

Defendants filed their Motion to Dismiss on September 14, 2015. (Dkt. 10.) Plaintiffs failed to respond to the Motion to Dismiss until October 6, 2015. (Dkt. 14.) Accordingly, Plaintiffs' Response is untimely, should be disregarded, and the Motion to Dismiss should be deemed unopposed. (*See* LR 7.1B, N.D. Ga.)

Local Rule 7.1B provides:

> **B.     Response to Motion.** Any party opposing a motion shall serve the party's response…not later than fourteen (14) days after service of

---

[2] In their Complaint, Plaintiffs attempted to assert claims for violation of the Uniform Commercial Code, Real Estate Settlement Procedures Act, Unfair and Deceptive Practices Act, breach of contract and fiduciary duty, but they do not mention these claims at all in their Response. (Dkt. 3.)

3

> the motion….Failure to file a response shall indicate that there is no opposition to the motion.

LR 7.1B, N.D. Ga.

Defendants filed their Motion to Dismiss on September 14, 2015.  (Dkt. 10.) Any response to the Motion to Dismiss was due on October 1, 2015 (fourteen days from the date of filing of the motion, plus three days for mailing).  *See* LR 7.1(B), N.D. Ga.; FED. R. CIV. P. 6(d).  Plaintiffs did not file a Response until October 6, 2015 (Dkt. 14), and they did so without requesting any extension of time or filing any motion requesting leave to respond out of time.[3]

It is well established that a party's *pro se* status does not provide them with an excuse for ignoring this Court's rules.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of court…."); *Banks v. Tanner Med. Center, Inc.*, Case No. 1:12-cv-4450, 2015 WL 1481472, *3 (N.D. Ga. Mar. 31, 2015) (stating no clear error in Non-Article III judge's decision not to consider facts raised in *pro se* plaintiff's reply due to plaintiff's failure to comply with local rules).  Accordingly, Plaintiffs' Response should not be considered by this Court in reaching its decision upon Defendants' Motion to Dismiss.

---

[3] Plaintiffs failed to sign and date the Response, and they did not include a certificate of service. (Dkt. 14, p. 5.)  There is no evidence in the record to suggest Plaintiffs' Response was timely filed.

491027v.2 1006335/00877

## II. EVEN IF THIS COURT CONSIDERS PLAINTIFFS' TARDY RESPONSE, PLAINTIFFS STILL HAVE NOT STATED ANY PLAUSIBLE CLAIMS FOR RELIEF AGAINST DEFENDANTS.

### A. Plaintiffs Have Abandoned Almost All of their Original Claims.

Plaintiffs make absolutely no argument in response to Defendants' Motion to Dismiss counts 2 (violations of the Uniform Commercial Code ("UCC")), 3 (breach of contract), 4 (violations of the Real Estate Settlement Protection Act ("RESPA")), 5 (violations of the Unfair and Deceptive Practices Act), 8 (breach of fiduciary duty), and to the extent pled, wrongful foreclosure. Under this Court's Local Rules, and for the reasons stated in Defendants' Motion to Dismiss, those claims must be dismissed. *See* L.R. 7.1B, N.D. Ga. (providing that failure to file a response to a party's motion "shall indicate that there is no opposition to the motion."); *Metellus v. Bank of Am., N.A.*, Case No. 1:12-cv-01947, 2012 WL 7763041, *4 (N.D. Ga. Nov. 2, 2012), *adopted at*, 2013 WL 1129399 (N.D. Ga. Mar. 19, 2013) (dismissing claim due to *pro se* plaintiff's failure to address claim in his response to defendant's motion to dismiss); *Kramer v. Gwinnett Cnty.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("Rule 7.1B mandates that a party respond to each portion of a motion.").

### B. Plaintiffs' Remaining Claims Fail As a Matter of Law.

#### 1. *Plaintiffs Fail to State a Plausible TILA Claim.*

Much like their Complaint, Plaintiffs' Response lacks any factual context from which the Court could plausibly infer that Defendants violated TILA. Specifically, Plaintiffs contend that when their Loan was originated, they were not provided with the three-day rescission required under TILA, and the disclosures with which they were provided allegedly contained false information and/or misrepresentations.[4]  (Dkt. 14, p. 2.)  Plaintiffs provide no additional information about the alleged violations.  They completely fail to identify the disclosures at issue or what excessive fees were supposedly charged.  Regardless, it is undisputed that the Defendants did not originate Plaintiffs' Loan, so there is no conceivable way that Defendants can be held responsible for the acts of Equity One (the non-party originating lender) who was ultimately responsible for any TILA disclosures pertaining to the Loan. (*See* Dkts. 10-1, p. 9; 10-2); 15 U.S.C. §§  1602(cc)(7), 1602(g).

---

[4] These allegations do not appear to be set forth in Plaintiffs' Complaint, and should be disregarded because Plaintiffs cannot amend their pleadings through responsive briefing. *See Skillern v. Ga. Dep't of Corr.*, 191 Fed. App'x. 847, 850 (11th Cir. 2006) (finding allegations plaintiff first asserted in reply brief irrelevant to review district court's dismissal of complaint.)  However, even if Plaintiffs properly moved this Court to amend their Complaint to add such allegations, the amendment would be futile.

Moreover, the Loan was originated in 2006, meaning Plaintiffs only had until 2007 to file their TILA claim against Equity One under the applicable one-year statute of limitations.[5]  15 U.S.C. § 1640(e).; *Velardo v. Fremont Inv. & Loan*, 298 F. App'x 890, 892 (11th Cir. 2008) (providing that a TILA violation "occurs" when the loan transaction is consummated).  Therefore, any TILA claims are time-barred, and must be dismissed as a matter of law.

    2..    *Plaintiffs Fail to State a Plausible Fraud Claim.*

In support of their fraud claim, Plaintiffs cite to the Ninth Circuit case of *Deutsche v. Flannery*, 823 F.2d 1361, 1365 (9th Cir. 1987).  (Dkt. 14, p. 3.)

---

[5] To the extent that Plaintiffs are attempting to argue that they are entitled to equitable tolling of the statute, they are wrong.  "Equitable tolling is 'an extraordinary remedy which should be extended only sparingly,' and '[t]he burden is on the plaintiff to show that equitable tolling is warranted.'"  *Lefont v. SunTrust Mortgage, Inc.*, Case No. 2:10-CV-036, 2011 WL 679426, *5 (N.D. Ga. Jan. 27, 2011) *report and recommendation adopted*, No. 2:10-CV-000036, 2011 WL 674749 (N.D. Ga. Feb. 16, 2011) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)).  To be eligible for equitable tolling, Plaintiffs must show that "(1) [Defendants] engaged in a course of conduct designed to conceal evidence of their alleged wrongdoing; (2) that the [Plaintiffs were] not on actual or constructive notice of that evidence; and (3) the [Plaintiffs] exercised due diligence facts from which the Court could conclude that they acted with reasonable diligence." *Bryant v. Mortgage Capital Res. Corp.*, 197 F. Supp. 2d 1357 (N.D. Ga. 2002) *on reconsideration in part*, No. 1:00-CV-671-BBM, 2002 WL 34720249 (N.D. Ga. May 31, 2002).  Plaintiffs have not sufficiently alleged, nor can they, any of these elements as Defendants did not originate the Loan, and Plaintiffs' allegations that they were charged excess fees should have and could have been discovered.  *See id.* at *1367-68 ("'[t]he actual exercise of diligence is irrelevant because the standard is an objective one.'") (quoting *Morton's Market, Inc. v. Gustafson's Dairy, Inc.*, 198 F.3d 823, 836 (11th Cir. 1999)).

491027v.2 1006335/00877

Setting aside the fact that the *Flannery* case is not binding authority on this Court, the case itself is inapplicable to the instant matter, as *Flannery* concerns the application of Rule 9(b) to securities fraud allegations. There are no securities allegations at issue in this case. By simply citing to *Flannery*, Plaintiffs do not address their failure to comply with the particularity requirements mandated by the Eleventh Circuit. The Complaint does not specify who made the purported misrepresentations, what their precise content was, when they were made, and where they were made–much less attribute any such conduct to Defendants. Accordingly, Plaintiffs' fraud claim must be dismissed. *Kynes v. PNC Mortgage*, Case No. 1:12-CV-4477-TWT, 2013 WL 4718294, *13 (N.D. Ga. Aug. 30, 2013) (dismissing fraud claim containing "no details regarding the time or place of the fraud, nor are there details of [party's] allegedly fraudulent acts"); *Ga. ex rel. Saunders v. Mortg. Elec. Registration Sys., Inc.*, Case No. 1:10-CV-3419-TWT-RGV, 2011 WL 1335824, *7 (N.D. Ga. Mar. 11, 2011) (dismissing fraud claim where plaintiff "merely lists general allegations against all defendants, without identifying which defendant is liable for any particular act of fraud").

### III. PLAINTIFFS SHOULD BE BARRED FROM FILING ANY AMENDMENTS.

Finally, to the extent Plaintiffs are attempting to ask this Court for leave to amend, their request is procedurally defective and should be denied. *Rosenberg v.*

*Gould*, 554 F.3d 962, 967 (11th Cir. 2009) (refusing to grant request to amend complaint "imbedded within an opposition memorandum"). When seeking leave of court to amend a complaint, a plaintiff must either attach a copy of the proposed amended complaint or state the substance of any amendment. In this instance, Plaintiffs have done neither. Instead, they vaguely contend in their Response that motions to dismiss are disfavored and rarely granted. (Dkt. 14, p. 4.)

This Court is justified in refusing to permit Plaintiffs to amend their pleading as "[a]ny amendment would only lead to the same result: dismissal." *Stone v. Bank of New York Mellon, N.A.*, 609 Fed. App'x 979, 982 (2015) ("[T]he district court need not grant such leave should an amendment be futile…Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed….") (quotations and citations omitted). As discussed more fully in Defendants' Motion to Dismiss, any amendment would be futile as the limitations period has run on Plaintiffs' TILA, RESPA, and fraud claims; no cause of action is created under the GUDTPA and the UCC for residential loan transactions; notwithstanding there has been no foreclosure of the Subject Property, any wrongful foreclosure claim still fails as the real estate records evidence that Trustee holds the Security Deed and Plaintiffs do not dispute they are in default on the Loan; and there can be no breach of the Security Deed because the acts of

9

which Plaintiffs complain are permitted by the express terms of the Security Deed and Georgia law.  (Dkt. 10, pp. 9-21.)  As such, this Court should not allow Plaintiffs the opportunity to amend and waste further resources of the Court and the parties.  *See Edward v. BAC Home Loans Serv., L.P.*, 534 F. App'x 888, 891 (11th Cir. 2013) ("Futility justifies the denial of leave to amend where the proposed amended complaint would be subject to dismissal.").

## CONCLUSION

As a matter of law, Plaintiffs cannot state any set of facts that give rise to a viable claim against Defendants.  Accordingly, for the reasons set forth herein and in the Motion to Dismiss and Supporting Memorandum of Law, Defendants respectfully request that the Court dismiss this action with prejudice, taxing all costs of this action against Plaintiffs.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rules 5.1 (B) and (C), using 14-point Times New Roman font.

/s/ *Samantha L. Tzoberi*
Samantha L. Tzoberi
Georgia Bar No. 140809

491027v.2 1006335/00877

Dated: October 23, 2015.

        **LOCKE LORD LLP**

        /s/ *Samantha L. Tzoberi*
        Elizabeth J. Campbell
        Georgia Bar No. 349249
        *ecampbell@lockelord.com*
        Samantha L. Tzoberi
        Georgia Bar No. 140809
        *stzoberi@lockelord.com*
        Terminus 200, Suite 1200
        3333 Piedmont Road NE
        Atlanta, Georgia 30305
        (404) 870-4600
        (404) 806-5679 Facsimile

        *Attorneys for Defendants Ocwen Loan Servicing, LLC; Deutsche Bank National Trust Company, as Trustee for the Benefit of the Certificateholders of Popular ABS, Inc. Mortgage Pass-Through Certificates, Series 2007-A; Mortgage Electronic Registration Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2015, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS OCWEN LOAN SERVICING, LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF POPULAR ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-A, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** with the Clerk of Court using the CM/ECF system.  I further certify that a copy of the foregoing document was served on the party below via first class U.S. Mail, postage prepaid:

>Royal C. Clevenger
>Barbara A. Clevenger
>16455 Freemanville Road
>Alpharetta, GA 30004
>*Plaintiffs, Pro Se*

>/s/ *Samantha L. Tzoberi*
>Samantha L. Tzoberi
>Georgia Bar No. 140809

>*One of the Attorneys for Defendants*

491027v.2 1006335/00877